ON REHEARING
HARDY, Judge.
We granted a rehearing in this case on application of defendants-appellants in order to permit a re-examination of the basis of valuation of the expropriated property. It is strenuously urged by counsel for applicants that we erred in affirming the judgment of the lower court. The specifications of error in this respect are that we did not give proper weight to the income return approach, and, alternatively, that we failed to accord any value to the improvements located upon the subject property.
Re-examination of the record indicates that the objections raised with respect to the basis of our valuation are valid, and, accordingly, we have carefully and thoroughly reconsidered the entire record in the light of these objections.
Adverting to the written opinion of the district judge after trial of this case, it is obvious that his conclusion as to valuation and the judgment rendered in accordance thereof was primarily predicated upon the square foot valuation of $3.25 which had been paid by plaintiffs for adjoining property owned by the Wiener Estate. In connection with the price paid for the Wiener property, our attention has been called to the fact that the record does not disclose the basis upon which the price was fixed. It is established that the plaintiff’s appraisers, Messrs. May and Jordan, had originally appraised the value of the Wiener property in the amount of $81,192.00, based upon a monthly rental of $450.00. Subsequently plaintiff procured the re-appraisement of the property, which fixed a value of $102,-161.00. This was the figure finally accepted by both parties upon the basis of which the negotiations between them were concluded.
It cannot be said that the Wiener transaction should be accepted as being in the nature of a comparable sale as it is well settled that a sale of property to an expropriating authority, made under the threat of expropriation, is not to be considered as the result of free bargaining between a willing seller and a willing buyer; State of Louisiana Through Department of Highways v. McDuffie, 240 La. 378, 123 So.2d 93, and authorities cited therein.
No contention being made by either party with respect to a basis of valuation by reason of comparable sales, it is necessary to look to other factors. One of these, of course, is the so-called “income return approach”, which, though not controlling, has been many times recognized as a substantial factor in connection with the fixing of value; State v. McDuffie, supra; City of Alexandria v. Jones, 236 La. 612, 108 So.2d 528; Efurd v. City of Shreveport, 235 La. 555, 105 So.2d 219.
On the basis of the income return approach, Mr. May, one of the appraisers for the Department of Highways, fixed a net income allocated to both the land and the improvements in the amount of $4,776.00; Mr. Jordan, the other appraiser for - the State, fixed a net income on the same basis in the sum of $4,006.37, but qualified this finding by an expression of his opinion that the units involved “ — appear to be rented for less than a normal economic rent”; Mr. Hurlbut, an appraiser for defendants, evaluated the net income in the *39 amount of $4,995.00, and Mr. Sealy, the other expert appraiser who testified as a witness on behalf of defendants, did not fix any rental income since his valuation of the land itself in the amount of $77,400.00 would effect a commensurate income equivalent.
On the basis of the above figures the average annual net income of the three experts who considered this factor would amount to $4,592.33. Upon the six percent basis used by these witnesses such a figure would justify a valuation of the property in the amount of approximately $76,540.00.
With reference to the alternative contention that the value of the improvements on the property should have been given consideration, we find it is true that the record establishes the fact that the building contained numerous plumbing, lighting, air conditioning and other fixtures .which could have been removed and used by defendants. Unquestionably, there was some salvage value with respect to the building itself and the fixtures which it contained. The opinion of the trial judge, which was quoted and adopted with approval by this court on original hearing, disregarded the value of the improvements on the ground that the valuation had been fixed upon the basis of the highest and best use of the land itself, which did not comprehend the improvements. However, we think the trial court was somewhat influenced in this respect by his parenthetical observation which we quoted in our original opinion as follows:
“(Since the State will be required to remove the improvements from the land, we imagine they would be pleased to have the defendant remove same for them.)”
Attached to defendants’ application for rehearing are communications requesting permission to remove certain items from the building on the expropriated .property and a refusal to grant such a request. While it is not proper for us to take these ex parte representations into consideration, it is appropriate for us to note that our State statutes place the control of surplus property, the assignment of the use of such property and the enforcement of regulations governing “ * * * the condemnation and disposition of movable properties of no further use to the state or its agencies.” under the authority of the Division of Administration, LSA-R.S. 39:4, subd. A (7). It follows that any judicial observation as to the attitude of the State or any of its agencies or departments with reference to the disposition of these improvements is purely speculative and therefore irrelevant.
The long established general rule governing the measure of compensation awarded the owner of property in expropriation proceedings has been fixed as the market value of the property. The equally well established exception to the rule arises in cases where there is no market value— such as the instant case—under which circumstance the owner is entitled to compensation representing the “ * * * full and perfect equivalent of the property taken * * * ” ; State Through Department of Highways v. Barrow, 238 La. 887, 116 So. 2d 703, quoting from Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295, arid citing numerous authorities.
Even accepting the “—highest and best use of the property—” as being without the improvements, it, nevertheless, is evident that such a basis of valuation would fail to properly recompense defendants for the loss of income involved. Accordingly, we feel that a valuation should be fixed which would accomplish this result, and the only basis for such a computation must be found in the income values established by the respective experts as above noted. Since those values vary, and in consideration of what we regard as the equal experience and reliability of each of these expert witnesses, we can only conclude that the best, fairest and most acceptable income return estimate would be found in an average of their respective figures which we have calculated in this opinion, supra.
*40 For the reasons assigned, the judgment appealed from is amended by fixing the market value of the property expropriated in the sum of $76,500.00, subject to credit for amounts previously paid by plaintiff in the total principal sum of $70,660.85.
It Is Further Ordered, Adjudged and Decreed that there be judgment herein in favor of the defendants, The First National Bank of Shreveport, Testamentary Executor of the Succession of Justin. Gras, and Mrs. Eugenie Torr Gras, and against the plaintiff, the State of Louisiana, through the Department of Highways, in the principal sum of $5,839.15, together with 5% interest on said sum from date of July 14, 1959, until paid, and, as amended, the judgment is affirmed.